| UNITED STATES BANKRUPTCY COURT<br>Southern District of New York | VOLUNTARY PETITION |
|---|---|
| IN RE (Name of debtor-If individual, enter Last, First, Middle)<br><br>**OCEAN MARINE MUTUAL INSURANCE ASSOCIATION LIMITED** | NAME OF JOINT DEBTOR (Spouse) (Last, First, Middle)<br><br>**99B4254 5** |
| ALL OTHER NAMES used by the debtor in the last 6 years (including married, maiden and trade names)<br><br>**OCEAN MARINE MUTUAL PROTECTION AND INDEMNITY ASSOCIATION LIMITED** | ALL OTHER NAMES used by the joint debtor in the last 6 years (include married, maiden and trade names) |
| SOC. SEC./TAX I.D. NO. (If more than one, state all)<br><br>**N/A** | SOC. SEC./TAX I.D. NO. (If more than one, state all) |
| STREET ADDRESS OF DEBTOR (No. and street, city, state, zip)<br><br>**MEZZANINE FLOOR<br>TOWN CENTRE BUILDING<br>P.O. BOX 190<br>PROVIDENCIALES, TURKS AND CAICOS ISLANDS** | STREET ADDRESS OF JOINT DEBTOR (No. and street, city, state, zip)<br><br>**BK JUDGE LIFLAND** |
| MAILING ADDRESS OF DEBTOR (If different from street address) | MAILING ADDRESS OF JOINT DEBTOR (If different from street address) |
| LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR<br>(If different from addresses listed above)<br><br>**See attached** | VENUE (Check one box)<br>☒ Debtor has been domiciled or has had a residence, principal place of business or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br>☐ There is a bankruptcy case concerning debtor's affiliate, general partner or partnership pending in this District. |
| INFORMATION REGARDING DEBTOR (Check Applicable boxes)<br><br>TYPE OF DEBTOR (Check one box)<br><br>☐ Individual     ☐ Corporation Publicly Held<br>☐ Joint (H&W)     ☐ Corporation Not Publicly Held<br>☐ Partnership     ☐ Municipality<br>☒ Other **Company limited by guarantee** | CHAPTER OR SECTION OF BANKRUPTCY CODE UNDER WHICH THE PETITION IS FILED (Check one box)<br><br>☐ Chapter 7    ☐ Chapter 11    ☐ Chapter 13<br><br>☐ Chapter 9    ☐ Chapter 12    ☒ § 304-Case Ancillary to Foreign Proceeding |
| A. NATURE OF DEBT (Check one box)<br><br>☐ Non-Business Consumer     ☒ Business - Complete A&B below<br><br>A. TYPE OF BUSINESS (check one box)<br>☐ Farming    ☐ Transportation    ☐ Commodity Broker<br>☐ Professional    ☐ Manufacturing/Mining    ☐ Construction<br>☐ Retail/Wholesale    ☐ Stockbroker    ☐ Real Estate<br>☐ Railroad    ☒ Other Business | SMALL BUSINESS (Ch. 11 only)<br>☐ Debtor is a small business in 11 U.S.C. § 101.<br>☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121 (e). (optional)<br><br>FILING FEE (Check one box)<br><br>☒ Filing fee attached.<br><br>☐ Filing fee to be paid in installments. (Applicable to individuals only) Must attach a signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b); see Official Form Number 3 |
| B. BRIEFLY DESCRIBE NATURE OF BUSINESS<br>**Insurance** | NAME AND ADDRESS OF LAW FIRM OR ATTORNEY<br>**Chadbourne & Parke LLP<br>30 Rockefeller Plaza<br>New York, New York 10112<br>(212) 408-5100** |
| STATISTICAL ADMINISTRATIVE INFORMATION (28 U.S.C. § 604)<br>(Estimates only) (Check applicable boxes) | NAME(S) OF ATTORNEY(S) DESIGNATED TO REPRESENT THE DEBTOR<br>**Howard Seife<br>Lisa Dorr** |

☒ Debtor estimates that funds will be available for distribution to unsecured creditors.

☐ Debtor estimates that after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE FOR COURT USE ONLY

ESTIMATED NUMBER OF CREDITORS

☐1-15    ☐16-49    ☐50-99    ☐ 100-199    ☐ 200-999    ☒ 1000-over

ESTIMATED ASSETS (in thousands of dollars)
☐ Under 50    ☐50-99    ☐100-499    ☐500-999    ☐1000-9999    ☐10,000-99,000    ☒100,000-over

ESTIMATED LIABILITIES (in thousands of dollars)
☐ Under 50    ☐50-99    ☐100-499    ☐500-999    ☐1000-9999    ☐10,000-99,000    ☒100,000-over

ESTIMATED NUMBER OF EMPLOYEES - CH 11 & 12 ONLY
☐ 0    ☐ 1-19    ☐ 20-99    ☐ 100-999    ☐1000-over

ESTIMATED NO. OF EQUITY SECURITY HOLDERS - CH 11 & 12 ONLY
☐ 0    ☐ 1-19    ☐ 20-99    ☐ 100-999    ☐1000-over

DC1: 109781.01

| FILING OF PLAN For Chapter 7, 11, 12 and 13 cases only. Check appropriate box. |
|---|
| ☐ A copy of debtor's proposed plan dated ___ is attached ☐ Debtor intends to file a plan within the time allowed by statute, rule, or order of the court. |

| PRIOR BANKRUPTCY CASE FILED WITHIN LAST 6 YEARS (if more than one attach additional sheet.) |||
|---|---|---|
| Location Where Filed | Case Number | Date Filed |

| PENDING BANKRUPTCY CASE FILED BY ANY SPOUSE, PARTNER, OR AFFILIATE OF THIS DEBTOR (If more than one, attach additional sheet.) |||
|---|---|---|
| Name of Debtor | Case Number | Date |
| Relationship | District | Judge |

REQUEST FOR RELIEF   Debtor is eligible for and requests relief in accordance with the chapter of title 11, United States Code, specified in this petition

SIGNATURES

ATTORNEY   Signature X _[signed]_   Date April 19, 1999
Howard Seife

| INDIVIDUAL/JOINT DEBTOR(S) | CORPORATE OR PARTNERSHIP DEBTOR |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>X _____<br>Signature of Debtor<br><br>Date _____<br><br>X _____<br>Signature of Joint Debtor<br><br>Date _____ | I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>X _[signed]_<br>Signature of Authorized Individual<br><br>Print or Type Name of Authorized Individual<br><br>**One of the Provisional Liquidators**<br>Title of Individual Authorized by Debtor to File this Petition<br><br>April 19, 1999<br>Date<br><br>If debtor is a corporation filing under chapter 11, Exhibit "A" is attached and made part of this petition. |
| TO BE COMPLETED BY INDIVIDUAL CHAPTER 7 DEBTOR WITH PRIMARILY CONSUMER DEBTS (See P.L. 98-353 § 322)<br><br>I am aware that I may proceed under chapter 7, 11, or 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7 of such title<br><br>If I am represented by an attorney, exhibit "B" has been completed.<br><br>X _____        _____<br>Signature of Debtor       Date<br><br>X _____        _____<br>Signature of Joint Debtor    Date | CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)<br><br>I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I have prepared this document for compensation, and that I have provided the debtor with a copy of this document.<br><br>_____<br>Printed or Typed Name of Bankruptcy Petition Preparer<br><br>_____<br>Social Security Number<br><br>_____<br>Address                Tel. No. |
| EXHIBIT "B"<br>(To be completed by attorney for individual chapter 7 debtor(s) with primarily consumer debts.)<br><br>I, the attorney for the debtor(s) named in the foregoing petition, declare that I have informed the debtor(s) that (he, she, or they) may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under such chapter.<br><br>X _____        _____<br>Signature of Attorney       Date | Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:<br><br>If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.<br><br>X _____<br>Signature of Bankruptcy Petition Preparer<br><br>A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156. |

DC1: 109781.01

CHADBOURNE & PARKE LLP
Attorneys for Petitioners
30 Rockefeller Plaza
New York, New York 10112
(212) 408-5100
Howard Seife (HS 7995)
Jonathan F. Bank (JB 9287)
Lisa C. Dorr (LD 0856)*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

In re                                 :

Petition of Gareth Howard Hughes,     : In a Proceeding Under
Christopher John Wilkinson Hill and   : Section 304 of the
Paul Clarke, as Joint Provisional     : Bankruptcy Code
Liquidators of OCEAN MARINE MUTUAL    :
INSURANCE ASSOCIATION LIMITED,
                                      : Case No. 99-B-_____

    Debtor in a Foreign Proceeding.   :

------------------------------------- x

VERIFIED PETITION PURSUANT TO SECTION 304
OF THE BANKRUPTCY CODE TO COMMENCE
A CASE ANCILLARY TO FOREIGN PROCEEDINGS

Gareth Howard Hughes, Christopher John Wilkinson Hill and Paul Clarke (the "Petitioners"), appointed by the Supreme Court of the Turks and Caicos Islands (the "Supreme Court") as Provisional Liquidators of Ocean Marine Mutual Insurance Association Limited (the "Company"), by their United States

---

* Application for admission pro hac vice pending

counsel, Chadbourne & Parke LLP, file this petition pursuant to section 304 of title 11 of the United States Code (the "Bankruptcy Code"). In support of their petition, the Petitioners allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is properly located in this District pursuant to 28 U.S.C. § 1410(c).

## BACKGROUND

3. The Company was incorporated on January 9, 1984 under the laws of the Turks and Caicos Islands as a company limited by guarantee under the name Ocean Marine Mutual Protection and Indemnity Association Limited. On October 18, 1995, the Company changed its name to Ocean Marine Mutual Insurance Association Limited.

4. The Company's registered office is Mezzanine Floor, Town Centre Building, P.O. Box 190, Providenciales, Turks

and Caicos Islands, and its principal place of business is Providenciales, Turks and Caicos Islands.

5. The principal activity of the Company is that of a protection and indemnity club, providing insurance of various classes on a mutual basis to its member shipowners. The Articles of Association of the Company provide that the funds necessary to meet anticipated claims and expenses of the Company shall be provided by contributions made by its members. Accordingly, each of the Company's members is in effect both insured and insurer.

6. The Company is in run-off and is not insuring member shipowners beyond February 20, 1999.

7. On March 4, 1999, Midland Bank plc ("Midland") filed a petition (the "Winding Up Petition") in the Supreme Court pursuant to the Companies Ordinance 1981 (as amended) of the Turks and Caicos Islands (the "Companies Ordinance") seeking the winding up of the Company. According to the Winding Up Petition, the Company is indebted to Midland in the amount of US$20,442,073.58, HK$12,769,005.23 and £396,827.52 in respect of its overdraft facilities with Midland and such amounts remain unpaid notwithstanding a demand for repayment. (A copy of the Winding Up Petition is attached hereto as Exhibit A.)

8. The Winding Up Petition (i) alleges that the Company is unable to pay its debts as they fall due and that it is otherwise just and equitable that the Company be wound up, and

(ii) requests that Messrs. Hughes, Hill and Clarke be appointed as the provisional liquidators of the Company.

9. According to a review of the Company's trading and financial position conducted by Deloitte & Touche at Midland's request, the Company's assets include claims of approximately US$72 million which represent supplementary calls made against the Company's members but which remain unpaid. The Petitioners are advised that a number of the Company's members have indicated that they dispute the validity of the outstanding supplementary calls made against them. The unpaid calls affected the Company's ability to meet its obligations, which in turn caused the Company to become increasingly dependent on its overdraft facility with Midland.

10. The Petitioners are further advised that certain of the Company's reinsurers have disputed claims asserted against them by the Company or are seeking to avoid certain of the policies that they issued to the Company, which also has contributed to the Company's inability to meet its obligations.

11. Based upon the Company's deteriorating position, Midland concluded that it could no longer continue to fund the Company and withdrew the overdraft facilities.

12. By order of the Supreme Court dated March 4, 1999, Messrs. Hughes, Hill and Clarke were appointed the Provisional Liquidators of the Company, and by further order dated March 31,

1999, the powers of the Provisional Liquidators were delineated and include, <u>inter alia</u>: (i) to locate, secure and collect all the property or assets (of whatever nature) to which the Company appears to be entitled, (ii) to take possession of the Company's books and records, and (iii) to investigate the affairs of the Company and obtain such information as is necessary to locate, secure and collect the Company's assets. (Copies of the March 4, 1999 and March 31, 1999 orders are attached hereto as Exhibits B and C respectively.)

13. Pursuant to the March 31, 1999 order of the Supreme Court and section 97 of the Companies Ordinance, no action, suit or proceeding against the Company shall be commenced or continued, whether in the Turks and Caicos Islands or another jurisdiction, without the prior leave of the Court or the consent of the Provisional Liquidators.

14. By further order of the Supreme Court, the hearing on the Winding Up Petition has been adjourned until October 11, 1999.

15. Although based in the Turks and Caicos Islands, the Company appears to have substantial assets in the United States that are comprised primarily of reinsurance recoverables due from reinsurers located in this District and throughout the United States.

16. The Petitioners have been in place as provisional liquidators of the Company for a very short period of time, and they do not have sufficient information at the present time to identify all of the Company's creditors. It appears that based upon information available to date, there are some 500 shipowner members of the Company, all of which appear to be located outside of the United States, although some of them have agents or representatives in the United States. Potential U.S. creditors of the Company include counsel that represented the Company prior to the provisional liquidation proceedings, companies that issued bonds at the request of the Company for the benefit of parties asserting claims against the Company's members, and crewmen that served on the member's ships.

17. In addition, the Petitioners have been advised that there are at least four judgment creditors that are currently seeking to levy on reinsurance recoverables due to the Company from its reinsurers in the United States. Some of these creditors are seeking to hold the Company liable, based upon a successor liability theory, for the obligations of another protection and indemnity club, Ocean Marine Mutual Indemnity Association Limited, which was formed in August 1981 under the laws of the Isle of Man and was dissolved in June 1994.

18. Attached hereto as Exhibit D is a list of those creditors and potential creditors of the Company, as well as the Company's reinsurers, in the United States, that are presently

6

known based upon information provided to the Petitioners to date. The Petitioners believe that additional parties-in-interest, claims, actions, arbitrations or other proceedings may be commenced or become known to the Petitioners in the future (each a "Subsequent Claim").

RELIEF SOUGHT

19. The Petitioners seek an order of this Court:

(A) enjoining all persons and entities from transferring, relinquishing or disposing of any property of the Company in the United States, or the proceeds of such property, to third parties;

(B) enjoining all persons and entities from commencing or continuing any action or other legal proceeding (including, without limitation, arbitration or any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever), including by way of counterclaim, against the Company, or any property in the United States that is involved in the foreign proceeding, or any proceeds thereof, and from seeking discovery of any nature against the Company;

(C) enjoining all persons and entities from enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against

the Company, and commencing or continuing any act or action or other legal proceeding (including, without limitation, arbitration or any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever), including by way of counterclaim, to create, perfect or enforce any lien, setoff, garnishment, attachment or other claim against the Company, or any of its property in the United States, or any proceeds thereof, including, without limitation, rights under reinsurance contracts;

(D) requiring all persons and entities having possession, custody or control of property of the Company in the United States, or the proceeds thereof, to turn over and account for such property or its proceeds to the Petitioners;

(E) requiring every person and entity that has a claim of any nature or source against the Company and that is a party to any action or other legal proceeding (including, without limitation, arbitration or any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever) in which the Company is or was named as a party, or as a result of which a liability of the Company may be established, to place the Petitioners' United States counsel on the master service list of any such action or other legal proceeding and to take such other steps as may be necessary to ensure that such counsel receives (i) copies

8

of any and all documents served by the parties to such action or other legal proceeding or issued by the court, arbitrator, administrator, regulator or similar official having jurisdiction over such action or legal proceeding and (ii) any and all correspondence or other documents circulated to parties named in the master service list;

(F) providing, with respect to a Subsequent Claim, that:

    (i) when informed of a Subsequent Claim, counsel for the Petitioners shall serve upon the holder of such claim a copy of the Summons, Petition, and the most recent injunction order entered by this Court;

    (ii) the holder of a Subsequent Claim shall have twenty (20) days from service of the Summons in which to file an answer or motion with respect to the Petition; and

    (iii) on not less than two (2) days' notice to counsel for the Petitioners, the holder of a Subsequent Claim may file a motion seeking an order of the Court vacating or modifying with respect to such Subsequent Claim the injunction entered in this proceeding. Such request shall be the subject matter of a hearing as scheduled by this Court. Otherwise, the holder of a Subsequent Claim may file objections and be heard by

DC1: 109567.03

this Court in accordance with the terms of any order of the Court providing for a hearing in the future on the relief sought by the Petitioners in this proceeding; and

(G) awarding the Petitioners such other and further relief as this Court may deem just and proper.

## BASIS FOR RELIEF

20. The ultimate goal of the Petitioners is to, under the auspices of the Supreme Court and with the aid of this Court, effect an equitable distribution of the assets of the Company among all of its creditors. In the interim, the Petitioners require a stay of litigation against the Company and a prohibition on acts that would deplete the Company's assets to the detriment of its creditors while the Petitioners determine how the interests of all creditors can best be served. The Petitioners must also ensure that entities with Subsequent Claims are bound by the injunction so that the Petitioners are not forced to seek relief each time they become aware of a Subsequent Claim.

21. The Petitioners are informed and believe that granting the relief sought herein will best assure an economical and expeditious administration of the Company's estate, consistent with:

(i) just treatment of all holders of claims against or interests in such estate;

(ii) protection of claim holders in the United States against prejudice and inconvenience in the processing of claims in the foreign proceeding;

(iii) prevention of preferential or fraudulent dispositions of property of such estate;

(iv) distribution of proceeds of such estate substantially in accordance with the order prescribed by the Bankruptcy Code; and

(v) comity.

## CONCLUSION

WHEREFORE, the Petitioners respectfully request that this Court grant the relief requested herein and such other and further relief as the Court deems proper.

Dated:   New York, New York    CHADBOURNE & PARKE LLP
         April 19, 1999

By: _____
    Howard Seife (HS 7995)
    A Member of the Firm
    Attorneys for the Petitioners
    30 Rockefeller Plaza
    New York, New York 10112
    (212) 408-5100

Of Counsel
    Jonathan F. Bank
    Lisa C. Dorr

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

In re                                  :

Petition of Gareth Howard Hughes,      : In a Proceeding Under
Christopher John Wilkinson Hill and      Section 304 of the
Paul Clarke, as Joint Provisional      : Bankruptcy Code
Liquidators of OCEAN MARINE MUTUAL     :
INSURANCE ASSOCIATION LIMITED,
                                       : Case No. 99-B-_____

   Debtor in a Foreign Proceeding.     :

------------------------------------- x

      GARETH HOWARD HUGHES, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury as follows:

      1.  I am a partner in the firm of chartered accountants, Ernst & Young, of Rolls House, 7 Rolls Buildings, Fetter Lane, London EC4A 1NH, England, and am one of the Petitioners herein.

      2.  I have read the foregoing petition, and I am informed and believe that the factual allegations contained therein are true and accurate.

      3.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      Executed this __19th__ day of April, 1999
in London, England

      _____
      GARETH HOWARD HUGHES
      One of the Provisional Liquidators
      Appointed by the Supreme Court of the
      Turks and Caicos Islands