ACTION NUMBER: CL 18/77

IN THE SUPREME COURT

TURKS AND CAICOS ISLANDS


IN THE MATTER OF THE COMPANIES ORDINANCE 1981 (AS AMENDED)
AND IN THE MATTER OF OCEAN MARINE MUTUAL INSURANCE
LIMITED


B E T W E E N:

MIDLAND BANK PLC                                           Plaintiff

-and-

OCEAN MARINE MUTUAL INSURANCE
ASSOCIATION LIMITED                                        Defendant

WINDING OF PETITION


Midland Bank PLC ("the Bank") files this Petition for the winding up by the Court of Ocean Marine

Mutual Insurance Association Limited ("the Respondent") and states as follows:


1)   The Bank is a company duly incorporated under the laws of England having its registered

     office at Poultry, London EC2P 2BX.


2)   The Respondent is a company duly incorporated under the laws of the Turks and Caicos

     Islands having its registered office at Mezzanine Floor, Town Centre Building, P.O. Box

     190, Providenciales, Turks and Caicos Islands.


3)   The Respondent is a company limited by guarantee, whose principal activity is that of a

     mutual insurance association.


4)   The Respondent is indebted to the Bank in the sums of US$20,442,073.58, HK12,769,005.23

     and £396,827.52 ("the Debt") in respect of its overdraft facilities with the Bank.

2

5)   The Bank has by a written demand dated 4th March 1999 made application to the Respondent for payment of the Debt but the Respondent has failed and neglected to pay or satisfy the same or any part thereof.

6.   The Respondent is unable to pay its debts as they fall due and it is otherwise just and equitable that the Respondent should be wound up.

7)   The Bank requests that Gareth Howard Hughes, Christopher John Wilkinson Hill and Paul Clarke be appointed as Provisional Liquidators of the Respondent until this Petition is disposed of or until a further order is made in the meantime.

8)   The Provisional Liquidators will require broad powers fully and expeditiously to investigate and manage the affairs of the Respondent and the Bank requests that they should be vested with such powers as this Honourable Court can provide.

9)   In the exercise of those duties the Provisional Liquidators will also require the assistance of the directors of the Respondent and requests that such rights and powers as are conferred on them by the Memorandum and Articles of Association and the Rules of the Respondent (as may have been varied from time to time) shall remain vested in them until further order.

## WHEREFORE THE PETITIONER PRAYS

(1)   that Gareth Howard Hughes, Christopher John Wilkinson Hill and Paul Clarke be appointed as Provisional Liquidators of the Respondent until this Petition is disposed of by the Court or further order;

(2)   that Notice of presentation of this Petition be dispensed with;

FROM : HERBERT SMITH

1999-04-09 17:11

FAX NO. 6499413831

P. 20

MAR-09-99 TUE 12:33 PM    MISICK & STANBROOK
6499413831

3

(3)    that an Order be made granting the Provisional Liquidators the powers mentioned in Section 107 of the Companies Ordinance 1981 (as amended) (to be exercisable by any one or more of them without the sanction or intervention of the Court) save that:

(a)    the power contained in Section 107(a) of the Companies Ordinance 1981 (as amended) be varied so as to include a power to take action as may be desirable or necessary to obtain recognition of the appointment of the Provisional Liquidators in any other relevant jurisdiction and to make application to the courts of the relevant jurisdictions for that purpose; and

(b)    the power contained in Section 107(b) of the Companies Ordinance 1981 (as amended) be varied so as to include a power to carry on the business (or any part of the business) of the Company as a going concern; and

(c)    all other powers mentioned in Section 107 of the Companies Ordinance 1981 (as amended) shall be construed accordingly.

(4)    The rights and powers ("the Powers") conferred by the Memorandum and Articles of Association and Rules of the Company (as may have been varied from time to time) ("the Regulations") on "the Directors" (as defined in the Regulations) shall remain vested in the Directors until further order, provided that the Powers shall only be exercised by the Directors with the prior consent of the Provisional Liquidators;

(5)    Ariel Misick and any other partner for the time being in Misick and Stanbrook be appointed as attorney to the Provisional Liquidators.

(6)    that upon the Provisional Liquidators ceasing to act the Respondent be wound up.

5

## IN THE SUPREME COURT

## TURKS AND CAICOS ISLANDS

ACTION NUMBER: CL

IN THE MATTER OF THE COMPANIES
ORDINANCE, 1981 (AS AMENDED) AND
IN THE MATTER OF OCEAN MARINE
MUTUAL INSURANCE LIMITED

**BETWEEN:**

MIDLAND BANK PLC                        **Plaintiff**

**and**

OCEAN MARINE MUTUAL INSURANCE
ASSOCIATION LIMITED            **Defendant**

---

### WINDING UP PETITION

---

MISICK AND STANBROOK
ATTORNEYS-AT-LAW
P.O. BOX 127
PROVIDENCIALES
TURKS AND CAICOS ISLANDS