IN THE SUPREME COURT

ACTION NUMBER: CL 18/99

TURKS AND CAICOS ISLANDS

IN THE MATTER OF THE COMPANIES ORDINANCE 1981 (AS AMENDED)
AND IN THE MATTER OF OCEAN MARINE MUTUAL INSURANCE
LIMITED

BETWEEN:

MIDLAND BANK PLC

**Plaintiff**

-and-

OCEAN MARINE MUTUAL INSURANCE
ASSOCIATION LIMITED

**Defendant**

ORDER

**UPON HEARING** Counsel for the Petitioner

**AND UPON READING** the Petition to wind up the Respondent company

**AND UPON READING** the affidavit of Paul Hugh Thompson filed on behalf of the Petitioner and the affidavit of Robert William Lloyd filed on behalf of the Respondent company

**AND UPON** Paul Hugh Thompson undertaking to swear and file an affidavit substantially in the form of the draft affidavit read in support of the Petition.

**AND BY CONSENT** of the Petitioner and the Respondent company

**IT IS HEREBY ORDERED THAT:**

1. Gareth Howard Hughes and Christopher John Wilkinson Hill both of Ernst & Young, Rolls House, 7 Rolls Buildings, Fetter Lane, London and Paul Clarke of Ernst & Young, Sassoon House, Shirley and Victoria, Nassau ("the Provisional Liquidators") be appointed Provisional Liquidators of the Respondent company ("the Company") until the Petition can be disposed of by the Court or until a further order is made in the meantime;

2. Any one or more of the Provisional Liquidators have the powers mentioned in Section 107

of the Companies Ordinance 1981 (as amended) which are exercisable without the sanction or intervention of the Court save that:

(a) the power contained in Section 107(a) of the Companies Ordinance 1981 (as amended) be varied so as to include a power to take such action as may be desirable or necessary to obtain the recognition of the appointment of the Provisional Liquidators in any other relevant jurisdiction and to make applications to the courts of the relevant jurisdictions for that purpose; and

(b) the power contained in Section 107(b) of the Companies Ordinance 1981 (as amended) be varied so as to include a power to carry on the business (or any part of the business) of the Company as a going concern; and

(c) all other powers mentioned in Section 107 of the Companies Ordinance (as amended) shall be construed accordingly.

3. The rights and powers ("the powers") conferred by the Memorandum and Articles of Association and Rules of the Company (as may have been varied from time to time) ("the Regulations") on "the Directors" (as defined in the Regulations) shall remain vested in the Directors until further order, provided that the Powers shall only be exercised by the Directors with the prior consent of the Provisional Liquidators.

4. Ariel Misick and any other partner for the time being of Misick and Stanbrook be appointed as attorney to the Provisional Liquidators.

5. The Provisional Liquidators be entitled to retain from the Company' property:

(a) such sums as they may hereafter be authorised by this Court to draw on account of

their remuneration and expenses; and

(b) such sums as the Court may hereafter authorise them to apply to discharge their actual remuneration and expenses.

6. The costs of this application be reserved.

7. Service of the Notice of Petition be dispensed with.

8. There be liberty to the Provisional Liquidators to apply in relation to this Order and, in particular, to apply to vary the powers given to them hereunder.

Dated this 4th day of March, 1999

**RICHARD GROUND, O.B.E, Q.C.**
**CHIEF JUSTICE**